Weygandt, C. J.
This court is of the view that the lower courts were correct in holding that the failure of the plaintiff company to furnish the insured a copy of the application for reinstatement estopped the company from denying the truth of the application.
Section 9389, General Code (Section 3911.04, Revised Code), reads as follows:
“Every company doing business in this state shall return with, and as part of any policy issued by it, to any person taking such policy, a full and complete copy of each application or other document held by it which is intended in any manner to affect the force or validity of such'-policy. A com *84 pany which neglects so to do, so long as it is in default for such copy, shall be estopped from denying- the truth of any such application or other document. In case such company neglects for 30 days after demand made therefor, to furnish such copies, it shall be forever barred from setting up as a defense to any suit on the policy, any incorrectness or want of truth of such application or other document.”
The plaintiff company contends that these statutory provisions apply alone to the original application for the policy and not to the application for reinstatement. However, that is not the comprehensive language of the statute. N ot only must the company furnish a complete copy of “each” application but also of any “other document” affecting the force or validity of a policy. It is not the province of the courts to read into this sweeping language a limitation that “each” means merely some applications or the original application.
While, of course, the terms of the particular statutes are controlling, it is commented generally in 44 Corpus Juris Secundum, 1074, Section 268, that such a statute “is applicable, not only to an application for the original policy, but also to an application for the .restoration or revival of a policy which has lapsed for the nonpayment of premiums, and to an application for the renewal of a policy.”
The company claims further that' it complied with the requirement of the statute by supplying the defendant widow with a copy of the application when a request therefor was made after the death of the insured, since the insured himself made no such demand. Again this contention finds no support in the statute. The simple, unambiguous language is that the company “ shall return with, and as part of any policy issued by it, to any person taking such policy, a full and complete copy of each application.” The company reinstated the policy on August 14, 1950. The death of the insured did not occur until April 23, 1952 — more than a year and eight months later —and still the company had not furnished him a copy of the application.
Hence, it is the opinion of this court that the plaintiff company is not entitled to a cancellation of the policy. Further *85 more, the lower courts were not in error in rendering a judgment for the defendant widow on her cross-petition.

Judgment affirmed.

Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.